## W. H. Whyte *v.* A. W. Cramer, Appellant.

*Judgment—Opening thereof—Usury—Subterfuge.*

The law will look through all disguises and subterfuges and will open a judgment which is based on an attempt to make a contract for usury where by the agreement and the testimony a strong doubt is raised on this ground as to the validity of a judgment.

Argued Jan. 12, 1897. Appeal, No. 7, Jan. T., 1897, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1895, No. 514, making absolute rule to show cause why judgment should not be opened. Before RICE, P. J., WILLARD, WICK-HAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Rule to open judgment and let defendant in to a defense. Before EDWARDS, J.

It appeared from the evidence taken in support of the rule to open judgment that the defendant was sold out by the sheriff in 1889 and his property bought in by the plaintiff for $1,045. Subsequently plaintiff, Whyte, executed the deed for the property to defendant, Cramer, and Cramer executed a bond and mortgage for the sum of $2,000. It was alleged on behalf of the defendant that the whole transaction was in the shape of a loan by Whyte to Cramer.

These papers executed subsequently to the sheriff's sale remained in the possession of Whyte for several years. The transaction being in an unsettled condition on May 3, 1894, the following agreement was entered into between the parties :

" For a good consideration it is hereby agreed by and between the parties, hereto, that the deed from W. H. Whyte and wife to Adon W. Cramer, dated December 12, 1889, shall be delivered to said Cramer, the bond and mortgage made by Cramer to said Whyte on the aforesaid date for the sum of two thousand dollars, together with said deed, now both be put on the record, and sixty days from May 1, 1894, be given to said Adon W.

Cramer, in which to raise and pay off the amount due upon said bond and mortgage, before any action shall be taken by said Whyte to collect the same. And it is further agreed that when payment is made by said Cramer, if within said time, he shall only be required to pay the unpaid payments of interest upon two thousand dollars and the sum of $1,045 in addition thereto, together with the legal record costs, to obtain full satisfaction and surrender of said bond and mortgage. It being understood and agreed that the interest herein named that is in excess of that upon the sum of $1,045, is in consideration of the delivery of the deed as aforesaid, transfer of the premises, and settlement as herein provided of the matter between the parties hereto."

Judgment having been entered on defendant's bond a rule was taken to open the same and the court found that the amount due upon the bond was as follows:.

| | |
|---|---:|
| Amount of money paid to sheriff | $1,045.00 |
| Three years' interest on mortgage dated Dec. 12, 1889, paid by defendant | 360.00 |
| Leaving the principal of the bond Dec 12, 1892 | 1,045.00 |
| Interest on bond from Dec. 12, 1892, to Sept. 23, 1895 | 334.33 |
| | $1,379.33 |
| Sept. 2, 1895, cash paid plaintiff by agreement | 945.00 |
| Amount due Sept. 23, 1895 | $ 434.33 |

The rule to open the judgment in this case is made absolute except as the sum of $434.33 with interest from September 23, 1895.

*Errors assigned* were (1) in excepting the sum of $434.33 with interest from September 23, 1895, from order making the rule absolute: (2) In stating the following in his opinion: "Defendant contends that the transaction was a loan and that sheriff's deed, together with the other papers, are plaintiff's security for the repayment of the loan with interest." (3) In stating in his opinion "that the defendant paid $360—three years' interest upon the mortgage." (4) In stating in his opinion as follows: "September 23, 1895, cash paid Sheriff by agreement, $945." (5) In finding in his opinion as follows: "It may be that a full consideration of the testimony on both sides

438　　　WHYTE v. CRAMER, Appellant.

Assignment of Errors—Opinion of the Court. [4 Pa. Superior Ct.

outside of the agreement of May 3, 1894, would justify us in sending the case to a jury. But this agreement, in our judgment, is conclusive upon the defendant."

*M. E. McDonald*, for appellant.—The original taint attaches to all consecutive obligations, growing out of the original usurious transaction and none of the descendant obligations can be free from it if the descent can be traced : Earnest v. Hoskins, 100 Pa. 551; Marr v. Marr, 110 Pa. 60; Hartranft v. Uhlinger, 115 Pa. 270.

That a judgment was confessed for the amount supposed or claimed to be due is not material. When such a judgment is made in part of usury, the courts will open it and afford relief : Wood's Appeal, 11 W. N. C. 30; Marr v. Marr, 110 Pa. 60.

*C. Comegys* with him *E. N. Shurtleff*, for appellee.—The opening of a judgment entered upon a warrant of attorney, is a matter of sound discretion; on appeal, it is for the higher court only to determine whether such discretion has been rightly exercised : Earley's Appeal, 90 Pa. 321; Schenck's Appeal, 94 Pa. 37.

The plaintiff relying upon the positive declarations of defendant as contained in the agreement of May 3, 1894, was thereby induced to materially change and alter his condition. The principles of estoppel apply : Robertson v. Hay, 91 Pa. 242.

OPINION BY REEDER, J., April 12, 1897 :

Upon the defendant's deposition in connection with that of the plaintiff himself this judgment should have been opened and a jury permitted to pass upon the question. The defendant's property was about to be sold by the sheriff when he alleges he went to Whyte and asked him to loan him (Cramer) $1,045 to save it. Cramer alleges that Whyte agreed to loan him the money upon condition that he would pay him the interest upon $2,000 for the loan. Whyte bid in the property for $1,045 and received a sheriff's deed for it. At about the same time he executed a deed to the defendant taking a bond with warrant and a mortgage for $2,000. The deed was not delivered or the mortgage recorded or judgment entered by virtue of the warrant upon the bond until four or five years after when a

written agreement was entered into between the parties. The plaintiff himself states that the consideration for the purchase of the property from him by Cramer was $1,045, a further sum of $100 for his trouble in the matter and the interest upon $2,000 until the $1,045 was paid. This statement of facts was such as would entitle the defendant to have the judgment opened and the amount due upon the bond to be determined by a jury unless the written agreement entered into between the parties is conclusive of the defendant's rights. The court did in fact open judgment as to the entire amount due ($945 having been paid into court) except $434.33 but as to that refused because of this written agreement. This agreement is conclusive unless under the testimony it may be in contravention of the laws of the state because an attempt under a disguise or by a subterfuge to make a contract for usury. If by the agreement and the testimony taken in connection therewith a strong doubt is raised as to the validity of this agreement the judgment should have been opened as to the whole amount still unpaid. We think there is enough in this case to raise such a doubt and the judgment should have been opened. The exceptions are sustained, the judgment reversed and the record remitted for further proceedings in the court below.